IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00614-GPG

FRANCIS E. SPRINGFIELD,

      Applicant,

v.

DEBORAH DENHAM, Warden,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

      Applicant, Francis E. Springfield, is a prisoner in the custody of the Federal Bureau of Prisons at the Englewood Federal Correctional Institution.   Mr. Springfield has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   The court must construe the application liberally because Mr. Springfield is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Springfield will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

      The court has reviewed the application and finds that the issues Mr. Springfield is raising are not raised properly in a habeas corpus action.   "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."   *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031,

1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to §

2241 and conditions of confinement claims raised in civil rights actions).

Mr. Springfield complains that he has been denied a transfer to a lower security

prison camp because of a management variable.   As relief he seeks a transfer to a

prison camp in California and to be told the reason for the management variable.   The

request for a transfer to a prison camp properly is construed as a challenge to the

conditions of confinement.   *See id.* (concluding that claims seeking transfer from one

BOP facility to another properly are construed as conditions of confinement claims that

may not be raised in a habeas corpus action pursuant to § 2241).   Therefore, Mr.

Springfield will be directed to file a Prisoner Complaint if he wishes to pursue his claims in

this action.

Mr. Springfield is advised that, in order to state a cognizable claim in federal court,

he must identify the specific factual allegations that support each claim and what each

Defendant did that allegedly violated his rights.   *See Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court,

"a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated").   The general rule that *pro se* pleadings must be

construed liberally has limits and "the court cannot take on the responsibility of serving as

the litigant's attorney in constructing arguments and searching the record."   *Garrett v.*

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Thus, "in analyzing

the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's

well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor the Defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

Finally, the court notes that Mr. Springfield has paid the $5.00 filing fee for a habeas corpus action.   Because the court has determined that the issues Mr. Springfield is raising must be raised in a civil rights action, he must pay the full amount of $400.00 ($350.00 filing fee pursuant to 28 U.S.C. § 1914(a) plus a $50.00 administrative fee effective in this Court as of May 1, 2013) necessary to commence a civil action.   Mr. Springfield is required to pay the entire amount of $400.00 because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1).   Therefore, Mr. Springfield will be ordered either to pay the remaining $395.00 immediately or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fees are paid in full.   Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Springfield file an amended pleading using the court-approved Prisoner Complaint form and either pay the remaining filing fees or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   It is

FURTHER ORDERED that Mr. Springfield shall obtain the court-approved Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Springfield fails within the time allowed to file an amended pleading as directed and either to pay the remaining filing fees or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge